UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| FREDDIE CANN | CIVIL ACTION NO. 12-cv-2206 |
| LA. DOC #104816 | SECTION P |
| | |
| VERSUS | JUDGE MINALDI |
| | |
| C. PAUL PHELPS CORRCTIONAL | |
| CENTER, ET AL | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Plaintiff Freddie Cann, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 17, 2012.  At the time of filing, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and complained of incidents that occurred when he was housed at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana.   On May 2, 2013, plaintiff filed a change of address notification with the court indicating that he was residing in Monroe, Louisiana.  He names the following as defendants: CPP Warden Robert Y. Henderson; Msgt. Colon; Sgt. Mark Barrow; and, CPP Nurse Practitioners John Crawford and Julia Bordelon.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For

---

[1] In his original complaint, plaintiff also named Jedonne Johnson; Sgt. Orlando Hardy; Msgt. Derek Lundy; Lt. Mathis; Cadet Thayron Jenson; Capt. Harvey; Msgt Fouge; Sgt. Stull; and Captain Naquin as defendants.  However, in his amended complaint [doc. 12] filed on April 15, 2013, he dismissed these defendants and his claims against them regarding missing personal property.

the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of Facts*

In his original complaint plaintiff claims that he was assaulted with a steel master lock on May 31, 2011, by two inmates who were housed in another dorm.  He contends that, following the attack, he was placed in administrative segregation without any medical treatment.  Plaintiff further alleges that several defendants knew of the situation yet did not render aid, while other defendants knew of plaintiff's condition yet failed to secure or provide medical care for him.  Plaintiff was later taken to Moss Regional Hospital where he was diagnosed with a broken nose, and broken teeth and dentures.

Plaintiff was placed back into general population on June 3, 2011, on the same tier with one of the inmates that previously attacked him.  He claims that he was later attacked by a friend of one of the inmates involved in the original attack.  As to his placement back into general population, plaintiff maintains that Warden Henderson knew that he was placing plaintiff in a dangerous situation.

Plaintiff's original complaint was insufficient in several aspects.  Thus, on April 9, 2013, this court issued a memorandum order [doc. 11] instructing plaintiff to amend his complaint.  The memorandum order advised plaintiff that his claims for failure to protect and denial of medical care were insufficient.

Plaintiff dismissed several defendants in his amended complaint.  Otherwise, the amended complaint did little to cure the majority of the deficiencies previously noted.

In his original complaint, plaintiff seeks for monetary damages, including punitive damages.

*Law and Analysis*

I.      ***Frivolity Review***

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).   A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

II.      ***42 U.S.C. §1983***

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### A.  Denial of Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit.

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur.  *Id.*at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."  *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."  *Thompson*, 245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs.  *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test

in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy.  *Woodall, supra.*  Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992).  Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred.  *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

The amend order issued by this court advised plaintiff that his medical care allegations did not meet the requisite deliberate indifference standard delineated above.  Despite filing an amended complaint, plaintiff still did not provide the court with sufficient information to support his claims.  More specifically, he did not show that he was denied or refused treatment; that he was intentionally treated incorrectly; or that the defendants acted in wanton disregard of a serious medical need. In fact, by his own admission, plaintiff was taken to Moss Regional Hospital at some point after the incident.  While plaintiff did not provide the date that he was taken to the hospital (although he was given the opportunity to do so via his amended complaint), it is clear that he was seen by a doctor, was given diagnostic tests (evidenced by the alleged finding of a broken nose), and was treated for his injuries.  Plaintiff also states that upon his release from the hospital, he was returned to the care of the CPP medical department.

It is apparent that plaintiff did not like the manner in which the medical personnel proceeded after the incident. It is possible that he wanted more treatment, different treatment, or to be brought to the hospital sooner than he was.  These allegations, at most, state a disagreement amongst himself and the medical care providers regarding the procedures to treat his medical

problems.  As previously stated, such claims are insufficient to establish that a constitutional violation has occurred.  Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed.

### B.  Failure to Protect

Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm.  Further, plaintiff must establish that the defendant possessed a culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1973, 128 L. Ed. 2d 811 (1994), citing *Wilson v. Seiter*, 501 U.S. 294,297, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991).  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer* at 837.  "Mere negligence or a failure to act reasonably is not enough.  The officer must have the subjective intent to cause harm."  *Mace v. City of Palestine,* 333 F.3d 621, 626 (5th Cir.2003).

In the present case, plaintiff has alleged that the defendants failed to protect him from assault by another inmate because: (1) defendant Barrow was not paying attention; (2) defendant Colon heard and saw the attack, and was given some type of information prior to the attack; and, (3) defendant Henderson placed him back on the same tier as his attacker.

Plaintiff was asked, via the amend order, to provide specific information supporting his allegation of failure to protect.  Specifically, plaintiff was advised that he should "supplement his claim to clearly state what each defendant did to violate the above standard …"  Doc. 11, p. 6. Despite this opportunity, plaintiff failed to do so.  Simply put, plaintiff's allegations do not demonstrate that the defendants' conduct constituted deliberate indifference in regard to the alleged incident.

### III.    Conclusion

Plaintiff has not met his burden and his claims that defendants failed to protect him in violation of his constitutional rights should be dismissed for failing to state a claim upon which relief may be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 21st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE